UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EFFIE WILLIAMS

    Plaintiff,

v.                                CASE NO:

WALMART INC.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Effie Williams ("Plaintiff"), by and through her undersigned counsel, hereby complains against Walmart, Inc. ("Defendant") and states as follows:

**STATEMENT OF THE CLAIM**

1. This is an action for monetary damages and injunctive relief arising under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981. Plaintiff seeks an injunction against the illegal discrimination, compensatory damages, punitive damages, attorneys' fees and costs, and any other available relief under these statutes.

2. Plaintiff alleges *inter alia*, that Defendant subjected her to intentional race discrimination in the making and enforcing of a contract in violation of 42 U.S.C. § 1981.

1

## PARTIES

3. Plaintiff, Effie Williams ("Plaintiff"), is an individual residing in Orange County, Florida, and a citizen of the United States of America, and at all material times to this Complaint she was a resident of the United States, the State of Florida, and Orange County.

4. Defendant, Walmart Inc. ("Defendant"), is a national corporation that regularly conducts business in Orange County, Florida and its headquarters are located in 702 SW 8th St., Bentonville, AR 72716.

## JURISDICTION AND VENUE

5. This is an action for monetary damages and injunctive relief arising under Section 1981 of the Civil Rights Act of 1866. This court has federal-question jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

6. All conditions precedent to the bringing of this action has occurred or has been performed.

## FACTUAL ALLEGATIONS

7. Plaintiff is an African-American female.

8. On or about July 6, 2022, Plaintiff was shopping for goods at the Defendant's store located at 10500 W. Colonial Drive, Ocoee, Florida 34761 ("Store").

9. As she was browsing through the shelves and looking for items for which she had coupons, she was stalked, followed, harassed and aggressively approached by the Store's Loss Prevention Team accusing her of shoplifting.

10. Defendant's employees discriminatorily accused the Plaintiff of stealing and/or plotting to steal merchandise and conducted a search of her personal belongings.

11. The search yielded no results indicating Plaintiff engaged in any criminal activity or planned to engage in any activity.

12. However, the Defendant's employees persisted in their efforts and demanded Plaintiff leave the Defendant's Store.

13. The Defendant's employees then escorted the Plaintiff out of the Store as if the Plaintiff was a criminal and caused the Plaintiff a great deal of public humiliation and emotional distress.

## COUNT I – VIOLATION OF 42 U.S.C. § 1981

14. Plaintiff re-alleges and incorporates by reference as though fully contained herein, the allegations set forth in above paragraphs 1- 13.

15. Defendant intentionally discriminated against the Plaintiff on the basis of race by stereotyping the Plaintiff and baselessly accusing her of engaging in criminal activity because she is African American.

16. Defendant's actions were discriminatory, arbitrary, and capricious, and constituted a disparity in treatment between Plaintiff and other white patrons of Defendant's establishment. By the actions described herein, Defendant deprived Plaintiff of the equal enjoyment of the benefits, privileges, terms, and conditions of a contractual relationship on the same basis as white patrons.

17. Further, because Defendant's discrimination was intentional, the Plaintiff has a cause of action under the equal benefits clause of Section 1981.

18. Defendant's actions of forcing the Plaintiff to leave the Store before she could make a purchase deprived the Plaintiff of her right to make a contract with Defendant. Prior to and at the time Defendant forced the Plaintiff to leave the Store, she possessed the willingness to purchase the goods and items the Defendant had on the shelves and aisles of its Store, but she was prevented from making such purchases because of her race, which is African-American.

19. As a proximate result of the actions of Defendant as described herein, Plaintiff has suffered, continues to suffer, and will in the future, suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish.

20. Defendant's actions were willful, wanton, and in knowing violation of their obligations under 42 U.S.C. § 1981 and were taken with the callous disregard of the probable detrimental, emotional and economic consequences to the

Plaintiff. Therefore, Plaintiff is entitled to recover punitive damages to punish Defendant and to deter it and other from such conduct in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory and punitive damages, for an award of costs, including a reasonable attorney's fee, and for such other and further relief this Court deems just and proper.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. The Plaintiff re-alleges and incorporates by reference as though fully contained herein, the allegations set forth in the above paragraphs 1-13.

22. Defendant engaged in outrageous conduct that shocks the conscious and goes beyond the bounds of acceptable notions of decency.

23. Defendant intentionally discriminated against the Plaintiff on the basis of race by stereotyping the Plaintiff and baselessly accusing her of engaging in criminal activity because she is African American.

24. Defendant's actions were discriminatory, arbitrary, and capricious, and constituted a disparity in treatment between Plaintiff and other white patrons of Defendant's establishment. By the actions described herein, Defendant deprived Plaintiff of the equal enjoyment of the benefits, privileges, terms, and conditions of a contractual relationship on the same basis as white patrons.

25. As a result of Defendant's actions, the Plaintiff suffered and continues to suffer from severe emotional distress.

26. Defendant's discriminatory actions against the Plaintiff constitute extreme and outrageous conduct causing Plaintiff severe emotional distress.

27. The Plaintiff also experienced physical symptoms as a result of the severe emotional distress caused by Defendant, including but not limited to, panic attacks and anxiety attacks.

WHEREFORE, Plaintiff, respectfully demands judgment against the Defendant, in this cause of action for compensatory and punitive damages in a sum to be determined at the trial of this matter, costs, attorneys' fees, and such other relief as the Court may deem just and proper.

## DAMAGES

WHEREFORE, the Plaintiff, Effie Williams, demands judgment and damages against Defendant, Walmart Inc., as follows:

Plaintiff demands declaratory relief, and an injunction against Defendant prohibiting it from discriminating against African-American customers and invitees, restraining Defendant from instituting any polices or practices that discriminate or segregate people on the basis of race as well as attorneys' fees and costs, and any other relief deemed appropriate by the Court. Plaintiff prays for judgment against the Defendant, for compensatory and punitive damages, for an award of costs, including a reasonable attorney's fee, and for such other and further relief this Court deems just and proper.

Respectfully submitted this 9th day of December 2022.

**/s/Jerry Girley**
Jerry Girley, Esquire
Florida Bar No. 35771
The Girley Law Firm, PA
117 E. Marks Street
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com